FILED
2021 Dec-10 PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **NICK GREEN,** ) | |
| **MATT GREEN;** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | **CASE NO: _____** |
| ) | |
| **OMNITRAX, INC.;** ) | |
| **ALABAMA & TENNESSEE** ) | |
| **RIVER RAILWAY, LLC; et al.** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

Defendants OmniTRAX, Inc. ("OmniTRAX") and Alabama & Tennessee River Railway, LLC ("ATN") hereby give notice of its removal of Case No. 31-CV-2021-900523.00 from the Circuit Court of Etowah County, Alabama to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. §§ 1367, 1441, 1446. In addition to removing this matter, OmniTRAX and ATN specifically reserve the right to assert any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure. As grounds for removal, OmniTRAX and ATN state as follows:

## INTRODUCTION

1. Nick Green and Matt Green commenced this action, Case No. 31-CV-2021-900523.00 in the Circuit Court of Etowah County, Alabama on November 5,

46789713 v1

2021 by filing a Complaint against OmniTRAX and ATN. (*See* **Exhibit A**, Complaint [Doc. 2]).

2. The Greens' Complaint is brought pursuant to common law principles of negligence and premise liability. The Greens state five causes of action: (1) negligence, (2) wantonness and reckless conduct, (3) negligent entrustment, (4) negligent hiring, training and supervision/agency/respondeat superior, and (5) premise liability for allegedly creating an "unsafe, dangerous, and hazardous condition to the railway, roadway, and/or surrounding areas of Locust Street." (*Id.*).

3. The Greens allege that they were traveling in Nick Green's 2014 Dodge 2500 truck on Locust Street in Gadsden, Alabama when a piece of the "railway track, pan, and or rail material running along Locust Street struck the rear driver's side" of the vehicle. (*Id.* at ¶ 7). The Greens claim OmniTRAX and ATN "failed to properly construct, design, supervise, repair, replace, install, inspect, maintain, and/or the like, the railway, roadway, and/or surrounding areas of Locust Street causing an unsafe and hazardous condition, and injuries to the Plaintiff." (*Id.*).

4. As a result of the incident, Nick Green alleges he suffered injury to his neck, back, and other parts of his body that required medical treatment and will require medical treatment in the future. (*Id.* at ¶ 11).

5. As a result of the incident, Matt Green alleges he suffered injury to his head, left shoulder, left knee, and other parts of his body that required medical treatment and will require medical treatment in the future. (*Id*. at ¶ 12).

6. This action could have originally been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. ATN was served on November 10, 2021. Because this Notice of Removal is filed within thirty days after service of the Summons and Complaint, it is timely under 28 U.S.C. § 1446 (b)(1).

8. A true and correct copy of all process, pleadings, and orders in the state court action is attached hereto as **Exhibit A**.

9. Written notice of the filing of this Notice of Removal will be provided to all adverse parties in this case, and a copy will be filed with the Clerk of the Circuit Court of Etowah County, Alabama as directed by 28 U.S.C. § 1446(d), along with a Notice of Filing Notice of Removal.

## BASIS FOR REMOVAL

### A. There is complete diversity of citizenship between the parties.

1. Under 28 U.S.C. § 1332 (a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in

controversy exceeds the sum or value of $75,000, exclusive of interests and cost. *See Darden v. Ford Consumer Finance Co.*, 200 F.3d 753, 755 (11th Cir. 2000). Section 1332 demands complete diversity, such that no plaintiff may be a citizen of the same state as any defendant. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1198 n. 31 (11th Cir. 2007).

2. This Court is statutorily obligated to exercise jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is complete diversity between OmniTrax, ATN, and the Greens, and because the Greens seek more than $75,000 in damages in this action. "[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 706, 716 (1996).

3. At the time the Greens commenced this action, and at all times since, Matt Green and Nick Green have been citizens of Etowah County, Alabama. (Ex. A, Complaint at ¶ 1, 2).

4. At the time the Greens commenced this action, and at all times since, OmniTRAX was and is a citizen of the State of Colorado. (Ex. A, Complaint at ¶ 3). OmniTRAX is a corporation organized under the laws of the State of Colorado with its principal place of business in Colorado. (See **Exhibit B**, Colorado Secretary of State Summary and Affidavit of John Spiegleman).

5. ATN is a limited liability company organized under the laws of the State of Colorado. (Ex. A, Complaint at ¶ 4).

6. The sole member of ATN is OmniTRAX Holdings Combined, Inc. a corporation established under the laws of the State of Colorado and having its principal office and place of business at 252 Clayton Street, Denver, Colorado 80206. (*See* **Exhibit C**, Colorado Secretary of State Summary and Affidavit of John Spiegleman).

7. Because the Greens are citizens of Alabama, OmniTRAX is a citizen of Colorado, and ATN is a citizen of Colorado, the parties are diverse for the purposes of diversity jurisdiction.

B. **The amount in controversy exceeds $75,000.**

8. While the amount in controversy is not facially apparent from the Complaint, the Greens' settlement demands exceed the amount in controversy. Nick Green claims $110,000.00 in damages. (See **Exhibit D**, Letter from Counsel). Matt Green claims $65,000.00 in damages. (*Id.*). A settlement offer that provides "specific information . . . to support [a plaintiff's] claim for damages" suggests the plaintiff is "offering a reasonable assessment of the value of [his] claim" and is entitled to weight in determining amount in controversy. *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998); *see also Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1097 (11th Cir. 1994). The Greens'

settlement offer is based on the amount of money the Greens have already incurred in medical expenses. (*See* Ex. D). In addition, the Greens claim damages for future medical expenses, property damage to the vehicle involved, mental anguish, and loss of pleasures and enjoyment of life. (Ex. A, Complaint, ¶¶ 11, 12). Accordingly, the Greens' settlement demand is a "reasonable assessment of the value of [their] claim" and should be used to satisfy the amount in controversy requirement.

9. Even though Matt Green demands less than the amount in controversy, this Court has supplemental jurisdiction over his claims because they arise out of the same case or controversy as Nick Green's claims, which satisfy the amount in controversy requirement. *See* 28 U.S.C. § 1332(a) ("matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs"); *Exxon Mobil Corp. v. Allapattah Svcs, Inc.*, 545 U.S. 546, 549 (2005) (holding "where the other elements of jurisdiction are present, and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, §1367 does authorize supplemental jurisdiction over the claims of the other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statue setting forth the requirement for diversity jurisdiction").

10. Accordingly, the amount in controversy exceeds $75,000, and this Court has diversity jurisdiction under § 1332.

## ADOPTION AND RESERVATION OF DEFENSES

11. Defendants OmniTRAX and ATN reserve the right to supplement this Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal.

12. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of OmniTRAX or ATN's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Rule 12 of the Alabama or Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

## CONCLUSION

Defendants OmniTRAX and ATN pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Etowah County, Alabama to the United States District Court for the Northern District of Alabama.

Respectfully submitted this 10th day of December, 2021.

*/s/ Turner B. Williams*
Turner B. Williams (ASB-6757-A53T)
Al F. Teel (ASB-2400-O84V)
Madeline E. Hughes (ASB-4428-D19F)

**COUNSEL FOR DEFENDANTS OMNITRAX, INC. AND ALABAMA & TENNESSEE RIVER RAILWAY, LLC**

**BURR & FORMAN LLP**
Shipt Tower, Suite 3400
420 N 20th Street
Birmingham, Alabama 35203
(205) 251-3000 (Telephone)
(251) 714-6898 (Facsimile)
Email: twilliams@burr.com
ateel@burr.com
mhughes@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of December, 2021, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Erin G. Adams
Mezrano Law Firm
31 Inverness Center Parkway, Suite 350
Birmingham, Alabama 35242
(205) 206-6300
(205) 545-8405 (Direct)
erin@mezrano.com

*Counsel for Plaintiffs Nick Green and Matt Green*

　　　　　　　　　　　　　　　　　　*/s/ Turner B. Williams*
　　　　　　　　　　　　　　　　　　OF COUNSEL