FILED

2022 May-23 PM 01:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**NICK GREEN, *et al.*,**
    Plaintiffs,

**v.**

**OMNITRAX INC.,**
***et al.*,**
    Defendants.

**Case No. 4:21-cv-1636-CLM**

## MEMORANDUM OPINION

Nick Green and Matt Green sued OnmiTRAX, Inc. ("OmniTRAX") and Alabama & Tennessee River Railway, LLC ("ATN") in state court, and OmniTRAX and ATN removed the case to this court and asked the court to dismiss this action. (Docs. 1, 5). The Greens then asked the court to remand this action to state court (doc. 9) and to stay their obligation to respond to OmniTRAX and ATN's motion to dismiss until the court rules on their motion to remand. Because it is jurisdictional, the court addresses the motion to remand first.

For the reasons stated within, the court will **DENY** the Greens' motion to remand this action to state court. (Doc. 9). The court will also set a briefing schedule for the outstanding motion to dismiss.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 286, 392 (1987). When a party removes a case based on diversity jurisdiction, this Court "must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which

the suit was filed." *Henderson v. Washington Nat'l. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2008).

In making the determination about remand, this court must "evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *Heravi v. Country Mut. Ins.Co., LSC*, 2021 WL 857256, at *3 (N.D. Ala. March 8, 2021) ("[A]ny ambiguities in the state substantive law must be resolved in the plaintiff's favor."). The federal court should not "weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538.

## BACKGROUND

### I. Factual Background

The Greens allege that as they were traveling in Nick's truck on Locust Street in Gadsden, Alabama, "a piece of the railway track, pan, and or rail material running along Locust Street struck the rear driver's side of [the] vehicle." (Doc. 1-1, p. 12, ¶ 7). Nick and Matt Green assert that the incident damaged Nick's truck and caused them both to suffer bodily injuries. (*Id.* at pp. 13–14).

### II. Procedural Background

The Greens filed this case in the Circuit Court of Etowah County, Alabama, Case No.31-CV-2021-900523.00. They included five counts, each pleaded under Alabama state law: (Count 1) Negligence; (Count 2) Wantonness and Reckless Conduct; (Count 3) Negligent Entrustment; (Count 4) Negligent Hiring, Training and Supervision, Agency/ Respondeat Superior; and (Count 5) Premise Liability. (Doc. 1-1, pp. 20– 30). OmniTRAX and ATN removed the case to this court. (Doc. 1). Disputing OnmiTRAX and ATN's citizenship, the Greens asked the court to remand this case to state court for lack of subject matter jurisdiction. (Doc. 9).

## ANALYSIS

There are two primary sources for subject-matter jurisdiction: diversity jurisdiction and federal question jurisdiction. OmniTRAX and ATN claim the former. Diversity jurisdiction exists where every plaintiff is a citizen of a different state than every defendant and the claim exceeds $75,000. 28 U.S.C. § 1332. The parties agree that the Greens are citizens of Alabama and that the amount in controversy exceeds $75,000, but the parties disagree about OmniTRAX and ATN's citizenship.

To determine diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). "'Principal place of business' is a term of art with a defined legal meaning for jurisdictional purposes." *Wylie v. Red Bull N. Am., Inc.*, 627 F. App'x 755, 757 (11th Cir. 2015). It is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" (i.e., the "nerve center"). *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A limited liability company or a partnership is a citizen of any state of which a member of the company or partnership is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013).

The Defendants assert that OmniTRAX is a citizen of Colorado because it is incorporated in Colorado and has its principal place of business in Colorado. The Defendants also assert that ATN is a citizen of Colorado because it is an LLC with its principal place of business in Colorado and its sole member—OmniTRAX Holdings Combined, Inc.—is a corporation that is also incorporated in Colorado. As evidence, the Defendants provided: (1) Colorado Secretary of State summaries; and (2) affidavits by John Spiegleman, Vice President for OmniTRAX and OmniTRAX Holdings Combined, Inc., stating that the corporations' principal places of business are in Colorado. (Docs. 1-2, 1-3).

The Greens contend that OmniTRAX and ATN failed to meet their burden of establishing subject matter jurisdiction (doc. 9, p 2) and that this court does not have subject matter jurisdiction over this matter because OmniTRAX and ATN are "at home" in Alabama (doc. 9, p. 4). But the Greens conflate the requirements for personal jurisdiction and the requirements for subject matter jurisdiction. Their arguments about specific and general jurisdiction—types of personal jurisdiction—do not support their assertion that this court does not have subject matter jurisdiction over this action.

The court finds that OmniTRAX and ATN's documents and affidavits satisfy their burden of establishing subject matter jurisdiction. *See generally Ferguson v. Easton Tech. Products, Inc.*, 2015 WL 9268149, *2 (N.D. Ala., Dec. 21, 2015).

## <u>CONCLUSION</u>

For the reasons listed above, the court will **DENY** the Greens' motion to remand (doc. 9) and will enter a briefing schedule for the motion to dismiss (doc. 5).

The court will enter a separate order that carries out this ruling.

**DONE** on May 23, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE